IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ROBERT W. JOHNSON, § | |
| PLAINTIFF, § | |
| § | |
| V. § | CIVIL CASE NO. 3:21-CV-3056-M-BK |
| § | |
| ALLSTATE INDEMNITY COMPANY, § | |
| DEFENDANT. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. Upon review of the relevant pleadings and applicable law, this action should be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.[1]

**I.    BACKGROUND**

On January 26, 2022, Robert W. Johnson of Watertown, New York, filed a *pro se* amended complaint against Allstate Indemnity Company, of Texas, Tiana Anderson, of Georgia, and Kristian E. Stefanides and the Sugarman Law Firm, both of New York. Doc. 8 at 5. Johnson complains Defendants failed to "fulfill all contractual agreements including compensation." Doc. 8 at 3. He seeks $100,000,000 for pain and suffering and the "merits for contract." Doc. 8 at 3. In the *Civil Cover Sheet*, Johnson checks the boxes for "U.S. Government Plaintiff" as the jurisdictional basis for his complaint and "other civil rights" for the

---

[1] Because jurisdiction is lacking, the Court need not address the motion to proceed *in forma pauperis* and terminates it by separate order. Doc. 4.

nature of suit.  Doc. 3 at 4.  For the cause of action, Johnson alleges "diversity of citizenship" and "due process violations & conflicts of interests."  Doc. 3 at 4.

Upon review, the Court concludes that subject matter jurisdiction is lacking.  Thus, this action should be dismissed *sua sponte*.

## II.     ANALYSIS

The Court should always examine, *sua sponte*, if necessary, the threshold question of whether it has subject matter jurisdiction.  *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky*, 242 F.3d 322, 324 (5th Cir. 2001); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  Unless otherwise provided by statute, a federal district court has subject matter jurisdiction over (1) a federal question arising under the Constitution, a federal law, or a treaty, *see* 28 U.S.C. § 1331, or (2) a case where there is complete diversity of citizenship between parties and the matter in controversy exceeds $75,000, *see* 28 U.S.C. § 1332.  "Under the well-pleaded complaint rule, 'a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint; generally, there is no federal jurisdiction if the plaintiff properly pleads only a state law cause of action.'"  *Gutierrez v. Flores*, 543 F.3d 248, 251-52 (5th Cir. 2008).

The Court liberally construes Johnson's complaint with all deference due a *pro se* litigant.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings are "to be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice.").  Even under this most liberal construction, however, Johnson has not alleged facts that establish federal question or diversity jurisdiction.

"A federal question exists only [in] those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Singh v. Duane Morris LLP*, 538 F.3d 334, 337-38 (5th Cir. 2008) (citation and internal quotation marks omitted).

The complaint in this case does not support federal question jurisdiction, as Johnson does not allege any constitutional or federal statutory violation. At best, Johnson alleges only state claims arising from a contractual dispute. Moreover, his fleeting mention of civil rights violations is insufficient to invoke the Court's federal question jurisdiction. *See Girard v. CitiMortgage, Inc.*, No. 12-CV-4264-N, 2013 WL 5873297, at *2 (N.D. Tex. Nov. 1, 2013) (Godbey, J.) (adopting magistrate judge's dismissal recommendation because plaintiff's "single passing reference" to a federal statute did not constitute a cause of action, and was not "sufficient to support the exercise of federal question jurisdiction"); *see also Deutsche Bank Nat'l Trust v. Broussard*, No. 13-CV-1400, 2013 WL 3185919, at *2 (N.D. Tex. June 24, 2013) (Lynn, J.) (adopting magistrate judge's dismissal recommendation because "vague references to various federal statutes . . . are insufficient to support the exercise of federal question jurisdiction").

Further, Johnson's scant pleadings, including his assertion that two Defendants share his state of residency, defeats subject-matter jurisdiction on the basis of diversity. Doc. 8 at 5; *see Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (finding district court cannot exercise diversity jurisdiction if the plaintiff shares the same state of citizenship as any one of the defendants) (citation omitted). In addition, because the complaint does not present a sufficient basis for federal question or diversity jurisdiction, the Court cannot exercise supplemental jurisdiction over any state law claims Johnson may be attempting to assert. 28 U.S.C. § 1367(a).

Accordingly, the complaint should be dismissed *sua sponte* and without prejudice for lack of subject matter jurisdiction.

### III.  LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint prior to dismissal, but leave is not required when he has already pled his "best case." *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009). Here, the facts as alleged by Johnson in his amended complaint clearly demonstrates a lack of subject matter jurisdiction in this Court. Thus, granting leave to amend would be futile and cause needless delay.

### IV.  CONCLUSION

For the foregoing reasons, it is recommended that this action be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. FED. R. CIV. P. 12(h)(3).

**SO RECOMMENDED** on January 31, 2022.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).